IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAMON ALVAREZ,**<br><br>                                      Petitioner,<br><br>**v.**<br><br>**W.L. MONTGOMERY, Warden,**<br>                                      Respondent. | Case No. 8:15-cv-00987 DMG (KS)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**\*As modified by the Court\*** |

I.    INTRODUCTION AND GOOD CAUSE STATEMENT

       In their Amended Joint Stipulation for Protective Order filed on July 19, 2021 (Dkt. No. 120), the parties established good cause for entry of a protective order because discovery in this action is likely to involve the production of third parties' medical records by the California Department of Corrections and Rehabilitation ("CDCR").  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order (Dkt. No. 116), the following terms of the protective order to which the parties have agreed are adopted, as amended by the Court, as a protective order of this Court (which generally shall govern the pretrial phase of this action).

## II.   SCOPE OF MATERIAL PROTECTED BY THIS ORDER

All documents and information produced by the CDCR during discovery that qualify for protection under Federal Rule of Civil Procedure 26(c)—including material that is privileged, confidential, and protected by the Health Insurance Portability and Accountability Act—that are properly designated "CONFIDENTIAL" pursuant to this Order, constitute "protected material" under this Order.

This Order does not govern material filed with the court, submitted as evidence, introduced at trial, or presented in court hearings that are accessible to the public. This Order also does not entitle the parties to file information designated "CONFIDENTIAL" under seal; instead, Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## III.   DESIGNATION AND INADVERTENT FAILURE TO DESIGNATE

Each party or non-party that designates information or items as "CONFIDENTIAL" for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material.

\\

\\

\\

## IV.   CHALLEGING A DESIGNATION OF CONFIDENTIALITY

Any party or non-party who wishes to challenge a designation of confidentiality shall initiate the dispute resolution process under Local Rule 37.1.  The burden of establishing the propriety of a designation of confidentiality shall be on the designating party.

## V.   ACCESS TO, USE OF, AND DISCLOSURE OF PROTECTED MATERIAL

Neither party may disclose or disseminate material that is protected under this Order, nor communicate any information contained therein or derived directly or indirectly therefrom, to any third party other than the following:  counsel assigned to litigate this case; persons working under their direct supervision; and the court and its personnel.

Material protected by this Order may not be used or disseminated for any purpose other than the litigation, settlement, or appeal of this case without prior authorization of this Court.  However, nothing in this Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.

## VI.   FILING UNDER SEAL

This Order does not entitle the parties to file information designated "CONFIDENTIAL" under seal.  Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## VII.  FINAL DISPOSITION OF THIS ACTION

This protective order shall remain in effect through the final disposition of this Action.  The final disposition of this Action is defined as the conclusion of any litigation and appeal proceedings related to Petitioner's federal Petition for Writ of Habeas Corpus, or, if no appeal is taken, when the time for filing of an appeal has

1  run.  Within 60 days after the final disposition of this Action, the protected material

2  and information (including any copies of confidential health information) shall be

3  returned to CDCR or destroyed.  Notwithstanding, counsel are entitled to retain an

4  archival copy of all pleadings, motion papers, trial, deposition, and hearing

5  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

6  reports, attorney work product, and consultant and expert work product even if such

7  materials contain protected material.  Any such archival copies that contain or

8  constitute protected material remain subject to this protective order.

9

10      For good cause shown, IT IS SO ORDERED.

11

12  Dated:  July 20, 2021

13                                                        _____

14                                                        KAREN L. STEVENSON
                                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28